UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE S. KOWAL,

      Plaintiff,

   v.                                  DECISION AND ORDER
                                        04-CV-043A

DIAMOND DETECTIVE AGENCY,

      Defendant.

---

## INTRODUCTION

Currently before the Court is a motion by the defendant, Diamond Detective Agency ("the Agency"), to vacate entry of default. For the reasons stated, the motion is granted.

## BACKGROUND

On January 16, 2004, plaintiff Darlene Kowal filed a *pro se* complaint against the Agency alleging employment discrimination based upon her age, gender and disability.[1]  Plaintiff also moved to proceed *in*

---

[1] Plaintiff's disability is not specified in the complaint.

1

*forma pauperis*.  On January 26, 2004, this Court granted plaintiff's request to proceed *in forma pauperis* and directed her to file papers to cause the United States Marshal to serve copies of the summons and complaint upon the Agency.

Pursuant to that order, the Marshal mailed a copy of a waiver of service upon the Agency.  The waiver of service was received by an employee of the Agency named Geoffrey White, who was then the Vice President of Human Resources, but was not authorized to accept service for the Agency.[2]  White executed the waiver and returned it to the Marshal.  However, he evidently never informed any authorized officer of the Agency.  See Aff. of John Jordan, at ¶ 4.   Accordingly, the Agency was never made aware of plaintiff's complaint.

The waiver of service was returned on March 29, 2004.  However, plaintiff did not take any further steps to prosecute the matter.  Therefore, on June 27, 2005, the plaintiff was ordered to show cause as to why the case should not be dismissed for failure to prosecute.

Plaintiff responded to the order to show cause by asking the court to enter a default against the Agency as it had failed to appear or

---

[2]  White is no longer employed by the Agency.

otherwise answer the complaint.  On August 8, 2005, default was entered against the Agency.

On October 17, 2005, the defendant filed a motion to vacate the entry of default.  This Court assigned attorney Harvey Sanders to represent the plaintiff in connection with the motion.  On November 15, 2005, the plaintiff filed papers in opposition to the motion and on December 9, 2005, defendant filed a reply thereto.  Oral argument was held on December 16, 2005.

## DISCUSSION

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, entry of default may be set aside "[f]or good cause shown."  See Fed. R. Civ. P. 55(c).  In determining whether good cause exists, the Court must consider:  (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir.1993).  In addition, the Court may consider other equitable factors, including whether "the entry of default would bring about a harsh or unfair result."  Id.  The decision whether to vacate a default judgment is left to the

3

"sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Id. at 95.  However, the Court's discretion is not unlimited given the "oft-stated preference for resolving disputes on the merits." Id.  "[D]efaults are generally disfavored and are reserved for rare occasions." Id. at 96.  Any doubts as to whether vacatur is warranted should be resolved in favor of the defendant.  Id.

Upon consideration of the submissions of the parties and the factors set forth above, the Court finds that entry of default should be vacated.  There is nothing in the record to suggest that the default was wilful.  At most, the default appears to have be the result of the negligence of a former employee.  Nor does it appear that the plaintiff will suffer any prejudice as a result of the default.  Although the Agency's default did contribute to some delay in this case, "delay standing alone does not establish prejudice." Id. at 98.  Further, the plaintiff herself contributed to the delay by failing to request entry of default sooner.  "The fact that plaintiff waited [for several months] before seeking [entry of default] suggests that some further delay will not unduly prejudice [her]." Id.

Finally, it appears that there is a meritorious defense.  "The test

**4**

of such a defense is not whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Id.  The Agency asserts that the plaintiff was not terminated for discrimination, but rather poor performance and inappropriate behavior.  If proven, this would certainly be a defense to the allegations in the complaint.  As the Agency has asserted a meritorious defense, this factor also weighs in favor of granting the requested relief.

## **CONCLUSION**

For the reasons stated, entry of default is hereby vacated.  The Agency shall have 30 days from the date of this Order to answer or otherwise move against the complaint.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: February 3 , 2006